No. 45,406

STATE OF KANSAS, *Appellee,* v. MATTHEW CUSHINBERRY, *Appellant.*

(460 P. 2d 626)

Opinion filed November 8, 1969.

*John S. May,* of Atchison, argued the cause and was on the brief for appellant.

*Robert D. Caplinger,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: The appellant, Matthew Cushinberry, has appealed from a conviction by a jury for the commission of second degree burglary and larceny (K. S. A. 21-520 and 21-524) and a sentence imposed from ten to twenty years pursuant to K. S. A. 21-523, 21-524 and 21-107a.

At about 2:00 o'clock a. m. on Saturday, January 6, 1968, the Atchison Police Department received a report that a station wagon was suspiciously parked on North Seventh Street with its motor running. The report was radioed to police patrol cars and officers of two patrol cars converged on the area, located the car, and

followed it. The police officers stopped the station wagon and upon approaching it, noticed that one Charles Brown was driving, a Marion Redman was in the right front seat, the appellant, Matthew Cushinberry, was in the rear seat, and on the rear floor beside Cushinberry was a portable television set.

Because of the extreme cold, the officers asked the three men to drive to the police station one block east. At the police station, Redman, the owner of the car, agreed to a search of the vehicle. The police officers examined the television and found it to be a General Electric 17" black and white set with a brown and gray case.

None of the occupants of the station wagon were arrested at that time.

Later in the morning and on the same day, the custodian at the Centennial Corporation, Inc., located on North Seventh Street near where the station wagon was parked, arrived to clean the building. Upon opening the building, he noticed damage to the room and file cabinets and that a portable television was missing. He called Mr. Monk, the president of Centennial Corporation, Inc.

Upon arrival with the police, Mr. Monk found the room "a complete mess"; the filing cabinets were in disarray, having been broken open with some type of tool. A General Electric portable television set with a brown and gray case was missing.

On January 8, 1968, a complaint was filed and a warrant issued charging the appellant in one count with burglary in the second degree and larceny in violation of K. S. A. 21-520 and 21-524. The latter statute provides in substance that if any person in committing burglary shall also commit a larceny, he may be prosecuted for both offenses in the same count.

Following the appellant's arrest on charges of second degree burglary and larceny in connection with the burglary, and on January 19, 1968, he was given a preliminary examination before Richard A. Dempster, judge pro tem of the City Court of Atchison; the duly elected judge of said court, the Honorable Richard P. Senecal, being absent from Atchison County. The appellant was represented at the preliminary examination by his employed counsel, Maurice P. O'Keefe, Jr., of the Atchison County Bar.

At the conclusion of the preliminary examination, the appellant was bound over to the first day of the next regular term of the

district court to appear and answer the charge made against him. The judge of the City Court filed a transcript of the preliminary examination with the clerk of the District Court, which recited in part:

". . . [T]he complainant and the witnesses to support the prosecution were examined on oath in the presence of said defendant; and from the whole examination and after argument of counsel, the Court finds that the offense as charged herein has been committed and that there is probable cause for charging said defendant with the commission of said offense."

It appears the judge pro tem used the term "the offense as charged herein" as referring to the charges of second degree burglary and larceny in connection with the burglary since both offenses were contained in one count.

The county attorney timely filed an information charging the appellant with second degree burglary and larceny in one count.

On April 8, 1968, the appellant appeared before the district court without counsel. With the appellant's consent, the district court appointed Mr. William C. O'Keefe, a member of the Atchison County Bar and a brother of counsel who was employed to represent the appellant at the preliminary examination. On that date, the appellant was arraigned on the charges contained in the information and entered a plea of not guilty.

On April 15, 1968, counsel for appellant filed a petition for change of venue and an objection to the selection of the jury panel. Attached to the petition for change of venue were two newspaper articles from the Atchison Daily Globe, the first, dated January 12, 1968, making reference to the setting of the preliminary examination and of the fact that the three named occupants apprehended in the station wagon had previously been convicted of felonies, and that "there is a burglary involved here." The second, dated January 19, 1968, made reference to the fact the appellant had been bound over to the district court to stand trial. The objection to the selection of the jury panel alleged that "said selection does not represent a proportionate amount of race and color found [within] the County of Atchison and that as a result the defendant, Matthew Cushinberry, is prejudiced by the selection of the panel."

The record discloses the district court considered and overruled the appellant's petition for change of venue, and, as hereafter noted, likewise overruled the objection to the selection of the jury panel.

The case was tried before a jury on April 15, and 16, 1968, and it returned its verdict finding the appellant guilty of burglary in the second degree and larceny.

Following his conviction, the appellant employed James E. Woodson, and William L. Harris, Jr., members of the Shawnee County Bar, to represent him and the district court excused William C. O'Keefe from further service in the case.

On May 10, 1968, appellant's motion for a new trial was heard by the district court and overruled. The appellant timely perfected his appeal to this court. Thereafter, Mr. Woodson and Mr. Harris withdrew from the case and the district court appointed John S. May, a member of the Atchison County Bar, to perfect and present this appeal.

The appellant primarily raises two points which he contends denied him a fair trial in the district court. He first argues he was denied effective assistance of counsel. In this respect he argues that a "fledgling" attorney was appointed to represent him—one who had not previously conducted a trial. He then sets out in his brief, omissions on the part of his counsel which he contends denied him "effective assistance." He first argues that counsel permitted him to enter a plea of not guilty to an information charging larceny when he had not been bound over to the district court for such offense. As indicated, the complaint and warrant issued for the appellant's arrest charged him with both second degree burglary and larceny all as permitted by K. S. A. 21-524, and the examining magistrate bound the appellant over as charged. We think the point requires no further discussion.

It is next argued that counsel failed to present the petition for change of venue to the district court. The appellant's motion for a new trial alleged the district court erred in "denying" the petition. Obviously, the petition for change of venue was presented to the district court and denied. It may not be said counsel was derelict because the petition for change of venue was not sustained. On this point, it appears the district court was of the opinion the publicity through the two newspaper articles did not prejudice the appellant's right to a fair and impartial trial because it was derogatory to him and prejudicial to his interest. So far as the record discloses, no suspicion of prejudice against the appellant entered the jury box when the jury was sworn and there is nothing in the record to indicate that a fair and impartial trial could not be had in Atchison

County. See *State v. Poulos*, 196 Kan. 253, 411 P. 2d 694, cert. den. 385 U. S. 827, 17 L. Ed. 2d 64, 87 S. Ct. 63. Moreover, on *voir dire* examination, members of the panel stated they had not read the newspaper articles previously mentioned. The appellant cites *Sheppard v. Maxwell*, 384 U. S. 333, 16 L. Ed. 2d 600, 86 S. Ct. 1507, but, as indicated, there is nothing to support his contention of prejudicial publicity as a result of the newspaper articles published three months prior to trial, and no error can be predicated on the point.

It is next contended that counsel failed to object to the validity of the preliminary examination before the judge pro tem, because Mr. Dempster was counsel for the Centennial Corporation, Inc. No error was committed. In the first place, appellant was represented by employed counsel at the preliminary examination. In the second place, had the question been raised prior to appellant's plea of guilty, as he suggests, evidence would have shown that Mr. Dempster informed all parties of the possible conflict of interest prior to the preliminary examination and the appellant and his employed attorney waived such challenge and agreed that Mr. Dempster sit as the examining magistrate at the preliminary examination.

The appellant next complains the statement of Charles Brown, which is claimed to have exonerated the appellant and which was introduced in evidence at the preliminary examination, was lost from the file when the transcript of the examining magistrate was certified to the district court. It is clear from the record that trial counsel did not lose the statement. It was obtained prior to the preliminary examination and thereafter was lost from the file. In any event, trial counsel made full use at the trial of such a statement and the state did not contest its existence.

The appellant next contends counsel was ineffective by reason of his failure to object to hearsay testimony of police officers about a station wagon being parked on Seventh Street with its motor running. Accusations of ineffective counsel are very easy to make. Hindsight has far better vision than foresight. Experience has demonstrated that the most skilled attorney may not succeed in blocking all improper questions and irrelevant statements, and it is an easy matter to go through a transcript and pick out errors after the heat of battle has cooled. In view of the record as abstracted and an examination of the briefs, we conclude that trial counsel

properly and efficiently represented the appellant at the trial and should be commended rather than criticized. It should be remembered that effective assistance of counsel cannot be equated with successful assistance of counsel. (*Johnson v. State,* 203 Kan. 947, 457 P. 2d 181.) Moreover, it has been held that the adequacy of services performed by an attorney on behalf of a client must be gauged by the totality of his representation, not by fragmentary segments analyzed in isolated cells. (*Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.) The appellant was not denied his right to effective assistance of counsel under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States or as prescribed by Section 10 of the Bill of Rights of the Constitution of the State of Kansas. See *Toland v. State,* 200 Kan. 184, 186, 434 P. 2d 814.

The appellant contends the district court erred in not granting his motion for a new trial, and, among other things, argues "[t]hat there were no Negroes called into the jury box to set (sp) as prospective jurors." The contention relates to the appellant's objection to the selection of the jury panel. As indicated, that objection alleged "said selection does not represent a proportionate amount of race and color found [within] the county of Atchison and that as a result, the defendant, Matthew Cushinberry, is prejudiced by the selection of the panel." The appellant states in his brief that according to the 1960 census, the Negro population of Atchison County was 6.8 percent and that the petit jury panel from which appellant's jury was drawn was only 1.25 percent Negro.

The only evidence on the point was the affidavit of the clerk of the district court to the effect she had certain responsibilities in connection with members of the jury panel; that the clerk's office does not record the race of individual members of a jury panel, but she had examined the names of the regular panel for the April 1968 term of the district court and by personal acquaintance she knew that at least three members of the panel were of the Negro race. The appellant's supplemental abstract contains the affidavit of one Shirley Ferguson who stated she was one of two Negroes who were on the jury panel; that there may have been others of whom she had no personal knowledge; that she orally requested the district judge to be excused from service by reason of the illness of her husband, and that she was excused; further, that one other Negro, Gladiola Smith, asked to be excused and was excused by the district judge from service on the jury panel.

No other complaint is made as to the lawful selection of the jury panel, and there is nothing in the record to indicate any systematic or purposeful exclusion of a member or members of the Negro race from service on the jury panel. One witness at the hearing of the motion for a new trial testified that in fourteen years of practice of the law in Atchison County he could remember Negroes on the panel, but did not mention any figures or ratio. The fact that there were no Negroes who sat on the jury which tried the appellant would not warrant the granting of a new trial. The entire matter of race discrimination in the selection of a petit jury was considered in the recent case of *State v. Clift*, 202 Kan. 512, 449 P. 2d 1006, where it was held:

"Although the law requires that a jury panel be truly representative of a cross-section of the community in which a defendant is to be tired, a Negro defendant in a criminal case is not constitutionally entitled to be tried by a jury on which there is a member, or members, of his race, and he is entitled to relief only upon proof presented by him which discloses a purposeful discrimination to exclude members of a class from the jury panel." (Syl. ¶ 4.)

See, also, *State v. Palmer*, 173 Kan. 560, 570, 251 P. 2d 225, and *State v. Lopez*, 182 Kan. 46, 50, 51, 318 P. 2d 662. The objection to the jury panel on the basis of disportionate composition as to race was clearly not sustainable and the district court did not err in overruling the motion for a new trial on the point.

The appellant further contends the district court erred in overruling his motion for a new trial and claims the verdict was not sustained by competent evidence. He argues that Charles Brown, the driver of the station wagon on January 6, 1968, who had made conflicting statements, was a confirmed alcoholic and was so completely unreliable as to justify the court in directing that a jury be given an opportunity to re-examine his credibility as an alleged accomplice. It appears that prior to the preliminary examination, Brown gave counsel a statement to the effect the appellant was not involved in any burglary of the Contennial Corporation, Inc., or of stealing or taking any item therefrom. At the trial, Brown testified on behalf of the state, that Cushinberry and Redman got out of the car in Atchison on North Seventh Street; that they were gone for a time and came back together but he did not know who had the television. He further testified that any statement he had previously given was not reliable because he had been drinking practically all day on January 6. Later, and following the trial, and after Mr. Woodson and Mr. Harris were employed to represent

the appellant, the two attorneys and the appellant went to Leavenworth and took Brown's statement where he reiterated that his testimony at the trial concerning the appellant's participation in the burglary and larceny was true as he fairly believed.

The appellant testified on his own behalf at the trial, and denied any participation in the burglary and larceny. It is evident the jury believed the testimony of the state's witnesses and rejected the appellant's testimony which was discredited to some extent on cross-examination. It is well settled that credibility of witnesses will not be passed upon, or conflicting evidence weighed, on appellate review; and such review is limited to ascertaining whether there is a reasonable basis for an inference of guilt. (*State v. Chuning*, 201 Kan. 784, 443 P. 2d 248, cert. den. 393 U. S. 1069, 21 L. Ed. 2d 712, 89 S. Ct. 726.) Moreover, a verdict of guilty, when approved by the district court, must stand if supported by substantial competent evidence. (*State v. Shaw*, 195 Kan. 677, 408 P. 2d 650.)

Applying the above rules, we conclude there was substantial competent evidence to support the verdict of guilty.

We have carefully examined other points raised by the appellant and find them to be entirely without merit.

The judgment of the district court is affirmed.