No. 45,946

STATE OF KANSAS, *Appellee*, v. WILLIAM GLENN DENNEY, *Appellant*.

(479 P. 2d 820)

Opinion filed January 23, 1971.

*David F. Brewster,* of Baxter Springs, argued the cause and was on the brief for the appellant.

*Merle Duncan, Jr.,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Larry A. Prauser,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of burglary in the second degree and grand larceny.

The Hurst Firestone Store of Columbus, Kansas, was burglarized early the morning of May 20, 1969. An assortment of hand guns and rifles totaling sixteen in number were stolen from the store. An assortment of fishing lures, which had been on display cards, were also missing. The store was in general disarray. Display tables had been knocked over and racks containing fishing lures were knocked to the floor.

A police officer was on routine patrol at about 1:00 o'clock the morning of the burglary. He was driving without his car lights when he observed two people in a parking lot across the street from the Hurst Firestone Store. When the officer turned on his car lights the two people started to run. One ran in an easterly direction. The other, after dropping an arm load of firearms, ran to the south. He was pursued on foot by the officer, overtaken, subdued after some struggle and placed under arrest.

After making the arrest the officer was unable to find his hand-

cuffs. He radioed for help and soon two other police officers and the sheriff arrived on the scene. The firearms and fishing lures were found in the vicinity where the chase began. At least three fishing lures were sticking in the pants of the defendant at the time of his capture.

The defendant was tried to a jury and convicted of second degree burglary and grand larceny. He has appealed claiming numerous trial errors.

The appellant first contends that the trial court erred in admitting into evidence an admission of guilt without first determining its voluntariness.

The appellant relies on cases cited in *Baker v. State,* 204 Kan. 607, 464 P. 2d 212, where we stated at page 616 of the opinion:

". . . Thus, foundation proof testing the admissibility of a confession must be heard outside the presence and hearing of the jury, even though no request for such hearing is made, unless, of course, there has been a knowing and intelligent waiver of that right by the accused—'an intentional relinquishment or abandonment of a known right or privilege.' (See, *Fay v. Noia,* [372 U. S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822] supra, and *Johnson v. Zerbst,* 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A. L. R. 357.) . . ."

We do not believe that the rule is controlling here. The sheriff, Dayton Evans, after describing the condition of the Hurst Firestone Store and identifying the stolen firearms, was questioned as follows:

"MR. DUNCAN: Sheriff, did William Glen Denny make any admission of guilt to the burglary and larceny to you?

"Yes, sir.

. "CROSS-EXAMINATION OF [Sheriff] DAYTON EVANS

"QUESTIONS BY MR. ARMSTRONG [Defendant's attorney]:

"Q. What was that?

"A. He told me he broke into Firestone.

"Q. Sheriff, did you advise Mr. Denny of his constitutional rights?

"A. I never questioned him any.

"Q. You never did?

"A. No, sir."

Implicit in the testimony, particularly that elicited by appellant's attorney, is the conclusion that the statement was volunteered by the appellant, and it was part of the trial strategy of appellant's counsel not to stress further the established positive fact that the appellant volunteered the information. We have not as yet gone so far as to require an arresting officer to gag a suspect to prevent a possible voluntary spontaneous expression of guilt. The fact that the statement was given without solicitation on the part of the

sheriff was established by appellant's cross-examination before the trial court had an opportunity to take the initiative.

Appellant next complains that he did not have effective assistance of counsel. Appellant was represented by a member of the bar with twenty-six years of practical experience. He had been county attorney or deputy county attorney for a period of fourteen years.

Appellant complains of counsel's failure to object to leading questions. Every lawyer is entitled to his own method of trial strategy. The number of objections which a defending attorney should lodge without the risk of offending the jury is always debatable.

We have announced the rule that adequacy of services rendered by an attorney to his client is to be measured by the sum total of his representation. Effective assistance of counsel is not to be equated with successful assistance of counsel. It must also be remembered that "hindsight is better than foresight." After the trial of a case is completed another lawyer can always pick flaws in the trial lawyer's strategy. The factors to be used as a guide in determining effective assistance of counsel are discussed in our recent cases. (See, *State v. Cushinberry*, 204 Kan. 65, 460 P. 2d 626; *State v. Wright*, 203 Kan. 54, 453 P. 2d 1; *Smith v. State*, 199 Kan. 293, 429 P. 2d 103; *Craig v. State*, 198 Kan. 39, 422 P. 2d 955; *State v. Calhoun*, 194 Kan. 378, 399 P. 2d 886.)

We find no grounds for complaint because of ineffective assistance of counsel.

The appellant contends that the verdict was not sustained by sufficient evidence, as the only evidence of guilt is the testimony of the sheriff who stated that the appellant admitted the commission of the crime. We must suggest that the circumstantial evidence of appellant's guilt was quite impressive. We need not repeat the facts already stated or add thereto.

This court does not consider whether the evidence is incompatible with any hypothesis except guilt. That is a question for the finder of fact. Our function is limited to ascertaining whether or not there was, from the evidence, a basis for reasonable inference of guilt. (*State v. Wood*, 197 Kan. 241, 416 P. 2d 729; *State v. Freeman*, 195 Kan. 561, 408 P. 2d 612, cert. den. 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981.)

If the conviction is supported by the evidence, the verdict is not

to be set aside because the jury failed to believe the defendant's version of the facts. (*State v. Donahue*, 197 Kan. 317, 416 P. 2d 287.)

We have reviewed appellant's long list of alleged trial errors but find nothing that would indicate the appellant's rights were prejudicially affected.

The judgment is affirmed.

APPROVED BY THE COURT.