No. 46,736

STATE OF KANSAS, *Appellee,* v. CLIFFORD F. GRIFFIN, *Appellant.*

(504 P. 2d 150)

Opinion filed December 9, 1972.

*Robert E. Tilton,* of Topeka, was on the brief for the appellant.

*Gene M. Olander,* County Attorney, and *Vern Miller,* Attorney General, were on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant appeals from a conviction by a jury of the offense of indecent liberties with a minor as defined in K. S. A. 1970 Supp. 21-3503 [now 1971 Supp.].

After his motion for a new trial was overruled, defendant was sentenced to the custody of the State Director of Penal Institutions for a term of not less than twelve nor more than thirty years pursuant to K. S. A. 1970 Supp. 21-4501 (*c*) and 21-4504 (2) [now 1971 Supp.].

For his first point on appeal defendant claims the evidence was inadequate to sustain his conviction. We consider this point within the framework of the frequently stated rule that our function on appeal is to ascertain whether there is a basis in the evidence for a reasonable inference of guilt. (*State v. Melton,* 207 Kan. 700, 486 P. 2d 1361; *State v. Aten,* 203 Kan. 920, 457 P. 2d 89; and *State v. Nicolay,* 202 Kan. 209, 447 P. 2d 403.)

Without reviewing all of the state's evidence we have no hesitancy in saying it was ample to sustain the verdict. The state's evidence consisted of the testimony of the victim, David Freeman, substantiated by the testimony of his mother, Hazel Freeman, and of David's friend, Larry Boyd.

On November 15, 1970, David was fourteen years of age. On the evening of that day David and Larry Boyd were at the Freeman

home at 921 N. Clay. Defendant was an acquaintance of the Freeman family. At approximately 10 p. m. defendant came by the Freeman home and inquired if the two boys (David and Larry) could go with him and assist in moving his belongings from the trailer he was occupying at the Ralph Ulm Trailer Court on Paramore Street in North Topeka. After the three arrived at defendant's trailer there was some drinking and conversation. They later went out and bought some potato chips and beer and returned to the trailer. David went to the bathroom and was followed by defendant who, according to the testimony of David and Larry, locked the door. David and defendant remained in the bathroom for about an hour during which time the acts, for which defendant is charged, were performed. Larry testified that he attempted to open the bathroom door several times but defendant told him to mind his own business. The two boys remained in defendant's trailer until about 8:30 a. m.—defendant had previously left for work about 6 a. m. After the two boys left the trailer to go back to the Freeman house, David told Larry what had happened to him. When David arrived at his own home he told his mother; his mother examined him and gave him some ointment to treat his injuries. David's pants were torn—his testimony was that defendant tore them off of him. The pants were introduced into evidence.

Defendant's evidence consisted only of his own testimony. Defendant denied abusing David in any way and stated that if anything happened to David it happened after defendant left for work, which he said was about 5:30 a. m.

It is evident the jury believed the state's witnesses which was its prerogative as the trier of facts. It is well-settled that credibility of witnesses will not be passed upon, or conflicting evidence weighed on appellate review. (*State v. Cushinberry*, 204 Kan. 65, 460 P. 2d 626; and *State v. Chuning*, 201 Kan. 784, 443 P. 2d 248, cert. den. 393 U. S. 1069, 21 L. Ed. 2d 712, 89 S. Ct. 726.) Defendant may not complain if the jury believed the state's witnesses, rather than his own. (*State v. Mae McLaughlin*, 207 Kan. 584, 485 P. 2d 1352.)

For his second point on appeal defendant states the county attorney made prejudicial statements in his closing argument to the jury. However, he makes no affirmative showing that anything said amounted to prejudicial error. Defendant does not set out the alleged prejudicial statements, neither does he assert that

any objection was made at the time. It is the defendant's burden on appeal not only to affirmatively show error, but further that the alleged error resulted in substantial prejudice. (*State v. Guffey*, 205 Kan. 9, 468 P. 2d 254; and *State v. Miller*, 204 Kan. 46, 460 P. 2d 564.)

Defendant next claims the state failed to prove jurisdiction of defendant because his exact age was not affirmatively established by the evidence. The only question that could arise in this connection is whether the evidence was sufficient to show that defendant was an adult. The question is raised by defendant for the first time on appeal. We think it wholly without merit. It is well-established that any material facts, including the corpus delicti itself, may be proved either by direct testimony or by indirect or circumstantial evidence, or a combination of both. (*State v. Cippola*, 202 Kan. 624, 451 P. 2d 199, cert. den. 396 U. S. 967, 24 L. Ed. 2d 432, 90 S. Ct. 446.) The state points out that the fact of defendant's presence alone, in a position for the jury to observe him and to see that he was a middle-aged man, was certainly sufficient to establish that he was eighteen years of age or older. There is no affirmative showing by defendant that the court did in fact lack jurisdiction in this regard.

Finally, defendant claims there was no proof that the alleged crime was committed in Shawnee County. It is true that under the provisions of K. S. A. 1970 Supp. 22-2602 [now 1971 Supp.], prosecution must be had in the county where the crime was committed. This court has recognized on many occasions that the venue of an offense is jurisdictional, and it must be proved to establish the jurisdiction of the court. However, it is not necessary to prove the jurisdictional facts of venue by specific question and answer that the offense occurred in the particular county. It may be established by other competent evidence showing the offense was committed within the jurisdiction of the court. (*State v. Jones*, 204 Kan. 719, 466 P. 2d 283.) In this case, the record is replete with testimony to the effect that the crime charged took place in defendant's trailer, located in Ulm's Trailer Court in North Topeka.

The question was one for the jury. The place where the offense occurred is a question of fact just as any other question to be determined by the jury. (*State v. Jones*, supra.) Considering the record presented in this case we cannot say the evidence upon which the jury based its finding was insufficient to sustain a finding that the offense was committed in Shawnee County.

Having thoroughly reviewed the record and the various contentions asserted by the defendant, we hold defendant has failed to make it affirmatively appear the trial court committed reversible error with respect to any of the points asserted on appeal.

The judgment is affirmed.

PRAGER, J., not participating.