### The STATE of Utah, Plaintiff and Respondent,

v.

### Johnny Owen WADE, Defendant and Appellant.

#### No. 860248.

Supreme Court of Utah.

Aug. 22, 1986.

Milton T. Harmon, Nephi, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

In November 1985, defendant sexually assaulted a female acquaintance and attempted sexual intercourse with her. Moments earlier, draped only in a blanket, defendant had exposed his body to several people at a local cafe. Still dressed in the blanket, he then walked to the victim's home, where the aggravated assault occurred. Defendant was charged with and convicted of aggravated sexual assault. U.C.A., 1953, § 76–5–405, as amended (Supp.1986). Defendant was also charged with and acquitted of attempted first degree homicide.

On appeal, defendant's counsel filed an *Anders* brief advising this Court that, in his opinion, there were no appealable errors below that affect any substantial right of defendant. *See State v. Clayton*, 639 P.2d 168 (Utah 1981); U.C.A., 1953, § 77–35–30 (1982 ed.). Defendant's brief was supplemented with a pro se brief and a letter

from defendant which fail to properly raise any appealable issue.

At his sentencing and in his submissions to this Court, he claimed that he was "set up" and "framed" by the victim and various police officers. Specifically, defendant asserts that the victim lied and that he was coerced to keep silent at his trial. Defendant "feels" the trial judge was prejudiced against him. These bare accusations are entirely unsupported by the record. At trial, he was allowed adequate opportunity to thoroughly cross-examine the prosecution's witness and to present any relevant evidence in his defense. Defendant criticizes his attorney's failure to file any pretrial motions but does not indicate any specific motion that should have been filed or its purpose or merit. We see no benefit to be served by any pretrial motion. But, the record reflects that defendant refused to assist his attorney in any trial preparation or even discuss the legitimate defenses, if any he had, to the charges. Having reviewed the entire record below, including the medical evidence, the testimony of the victim, and the testimony of the witnesses at the scene immediately following the attack, we consider the allegation to be entirely without merit. Defendant claims that he was beaten and threatened to prevent his testifying at trial. Whether or not true, this claim is not supported by the record and is not properly before us. Consequently, we do not address it.

Defendant's brief suggests that at the time of the offense he suffered diminished capacity from unidentified alcohol or drug use.[1] Although witnesses testified that both before and after the attack defendant acted "strange" or "weird," there was no evidence at trial that his mental state was impaired by any drug or alcohol. U.C.A., 1953, § 76–2–306, as amended (1978 ed.); see *State v. Wood*, 648 P.2d 71, 90–91 (Utah 1982), *cert. denied*, 459 U.S. 988, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982). Prior to

trial, he was uncooperative in examinations by a court-appointed psychologist and psychiatrist and refused to provide information that might support such a defense.

Defendant generally alleges that hearsay evidence was erroneously admitted at trial. However, the alleged error is not discussed further in defendant's brief and is unsupported by the record. As for defendant's claim that the State failed to prove venue, evidence that the victim was attacked in her home in Eureka, Utah, was sufficient to support the jury's finding that the offense occurred in Juab County. *State v. Griffin*, 210 Kan. 729, 504 P.2d 150 (1972); *State v. Shannon*, 95 Idaho 299, 507 P.2d 808 (1973). We conclude that no appealable issue has been properly presented, and our careful review of the trial proceedings discloses none.

Finally, defendant asserts a right to personally argue his appeal before this Court. Because he does not present any legitimate or significant issue for review, our disposition of this appeal will not be aided by oral argument. Utah R.App.P. 29(a).

Defendant's conviction is affirmed.