NOT DESIGNATED FOR PUBLICATION

No. 112,801

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL F. TORRES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jewell District Court; JOHN L. BINGHAM, judge. Opinion filed September 4, 2015. Affirmed.

*James M. Johnson*, of Frasier, Johnson & Martin, LLC, of Beloit, for appellant.

*Darrell E. Miller*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.

*Per Curiam:*  In this direct appeal of his sexual battery conviction, Paul F. Torres questions if venue was properly proved in Jewell County District Court since the prosecutor never asked any of the witnesses if the crime occurred in that county. Venue, a question of fact, may be established with circumstantial evidence. The evidence here clearly proved that the sexual battery occurred at the gas station, commonly known as the Mankato Express station, on Highway 36 in the City of Mankato. From this, the trial court, as factfinder, could reasonably infer the crime was committed in Jewell County and the district court was the proper venue for its prosecution.

1

*Everything happened at the gas station.*

In June 2014, while A.S. was working as a cashier at a gas station in Mankato, Kansas, a family friend of her parents named Paul F. Torres walked up to her, gave her a hug, and stuck his hand down the back of her shorts underneath her underwear. The State charged Torres with sexual battery. At the subsequent bench trial, he moved to dismiss due to the State's failure to prove venue in Jewell County. The prosecutor had not asked any of the witnesses if the incident had happened in Jewell County. The district court took judicial notice of Mankato being in Jewell County and convicted Torres. Torres appeals.

*K.S.A. 22-2602 directs that prosecution for a crime must occur in the county where the crime was committed.*

Where an offense occurred is a question of fact to be decided by the factfinder. See *State v. McElroy*, 281 Kan. 256, 264, 130 P.3d 100 (2006); *State v. Griffin*, 210 Kan. 729, 731, 504 P.2d 150 (1972). Because of its factual nature, we review this challenge by looking at all the evidence in a light most favorable to the prosecution and determining whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Stevens*, 285 Kan. 307, 325, 172 P.3d 570 (2007), *overruled on other grounds by State v. Ahrens*, 296 Kan. 151, 290 P.3d 629 (2012).

To prove venue, the State is not required to employ a "specific question and answer that the offense occurred in the particular county." *Griffin*, 210 Kan. at 731. Instead, the State may establish those facts "by other competent evidence showing the offense was committed within" the county in question. 210 Kan. at 731. Such evidence includes "proof of facts and circumstances . . . from which the place or places of commission of the crime or crimes may be fairly and reasonably inferred." *State v. Pencek*, 224 Kan. 725, 729, 585 P.2d 1052 (1978).

Accordingly, venue may be established by circumstantial evidence. *State v. Lieurance*, 14 Kan. App. 2d 87, Syl. ¶ 4, 782 P.2d 1246 (1989). Moreover, the district court and jury are permitted to take judicial notice as to what county a city is in. See *State v. Calderon-Aparicio*, 44 Kan. App. 2d 830, 838-39, 242 P.3d 1197 (2010), *rev. denied* 291 Kan. 914 (2011). In *Calderon-Aparicio*, this court found that "the Johnson County trial court and jury could take judicial notice that the city of Shawnee is located within Johnson County." 44 Kan. App. 2d at 838.

The sexual battery occurred at a gas station commonly referred to as the Mankato Express station. A.S. positively identified this gas station as being on Highway 36 in the City of Mankato. Moreover, an officer from the Jewell County Sheriff's Department—in fact, the undersheriff himself—investigated the incident. Nothing in the record suggests that the undersheriff left his jurisdiction to respond to the gas station; the fact that the undersheriff responded to the call bolsters the inference that the offense occurred in Jewell County. Moreover, nothing at trial, in the record, or on appeal even suggests that this offense occurred anywhere other than Jewell County.

On appeal, Torres simply argues that the district court cannot rely on judicial notice when establishing venue. But this contention is clearly refuted by *Calderon-Aparicio*, 44 Kan. App. 2d at 838-39.

More importantly, when acting as the factfinder during a bench trial, a trial judge is permitted to use his or her common knowledge and experience to assess the evidence. See *State v. Dority*, 50 Kan. App. 2d 336, 343, 324 P.3d 1146 (2014), *rev. denied* ___ Kan. ___ (May 12, 2015). Here, the judge clearly relied on his experience as a resident of Mankato, Kansas, to determine whether the offense occurred in Jewell County. Although the prosecutor never directly asked any of the witnesses whether Mankato is in Jewell County, other competent evidence supports that inference.

The State proved venue. Torres' conviction is affirmed.