NOT DESIGNATED FOR PUBLICATION

No. 115,695

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL ALOIS FUCHS, II,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed February 3, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Barry K. Disney*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., MCANANY and BUSER, JJ.


*Per Curiam*: Michael A. Fuchs, II, was convicted by a jury of aggravated assault and criminal threat. The district court subsequently sentenced him to 24 months in prison, but the court placed him on probation for the same period. On appeal, Fuchs contends that there is insufficient evidence in the record to support his convictions. He also contends that the instructions given by the district court prevented the jury from exercising nullification. Finally, he contends that the district court violated his rights under the Sixth and Fourteenth Amendments when the court increased his sentence based

1

on his prior criminal history without presenting the issue to a jury. For the reasons set forth in this opinion, we affirm Fuchs' convictions and sentence.

FACTS

On the night of September 25, 2016, Abdullah Alkhraisi asked Fuchs if he wanted to go with him to Aggieville in Manhattan. Fuchs went to the apartment of Ahmed Alkhraissi, Abdullah's cousin, at the University Crossing apartment complex to meet up with Abdullah. Around midnight, Fuchs, Abdullah, and several other people went to Aggieville before returning to Ahmed's apartment about 2:30 a.m. About an hour and a half later, Fuchs and Abdullah left the apartment to go home.

Around 10 a.m. on September 26, 2016, Ahmed noticed that his iPad was missing from his apartment. After discussing the matter with Abdullah, Ahmed and Abdullah went to Fuchs' apartment, which was in the same apartment complex, to ask him if he knew anything about the missing iPad. It is unclear exactly what happened when they arrived. However, it appears that Fuchs slammed the door shut and told them not to come into his apartment. After leaving Fuchs' apartment, Ahmed called the police to report the missing iPad. A police officer came to Ahmed's apartment to take a report. While he was there, the officer gave Ahmed a business card with his telephone number, which Ahmed put in his bedroom.

Later that day, Fuchs went to Ahmed's apartment and Mohamed Alzaharni let him inside. While Fuchs was in the apartment, he pulled a black handgun—later determined to be an air soft pistol—from a holster. Ahmed testified that Fuchs pointed the gun at him and said, "if you come to my apartment, I'll shoot you." Because Ahmed believed that Fuchs was threatening him with the gun, he ran in to his bedroom, grabbed the business card given to him by the police officer who took the report, and ran outside to call the police.

Riley County police officers arrived at the apartment complex and took a report. About three hours later, officers located Fuchs and arrested him for aggravated assault. After reading him his *Miranda* rights, Fuchs admitted to the officers that he went to Ahmed's apartment with an air soft pistol. However, he denied pulling the gun from his waist or pointing the weapon at Ahmed.

On September 29, 2015, the State charged Fuchs with one count of aggravated assault, in violation of K.S.A. 2013 Supp. 21-5412(b)(1). At the preliminary hearing on November 17, 2015, the district court also bound Fuchs over on a charge of criminal threat at the State's request. Two days later, the State filed an amended information which included both the aggravated assault charge and a charge of criminal threat, in violation of K.S.A. 2013 Supp. 21-5415(a)(1).

Ultimately, a jury found Fuchs to be guilty on both counts. At trial, the State offered the testimony of five witnesses: Ahmed, Abdullah, Mohamed, and the two officers who responded to Ahmed's call to the police. In addition, Fuchs testified on his own behalf. Subsequently, the district court found that Fuchs had a criminal history score of D and sentenced him to 24 months on the aggravated assault conviction and to a concurrent sentence of 6 months on the criminal threat conviction. However, the district court suspended the sentence and placed Fuchs on probation for a period of 24 months.

ANALYSIS

On appeal, Fuchs raises three issues. First, Fuchs contends that the State presented insufficient evidence upon which a rational factfinder could find him guilty of aggravated assault and criminal threat beyond a reasonable doubt. Second, Fuchs contends that the district court improperly instructed the jury by preventing it from being able to exercise its power of nullification. Third, Fuchs contends that the district court violated his

3

constitutional rights by considering his criminal history without a jury finding it to be accurate beyond a reasonable doubt.

*Sufficiency of the Evidence*

Fuchs contends that the evidence presented at trial was insufficient to support his convictions because the State failed to establish that the crime occurred in Riley County, Kansas. When sufficiency of the evidence is challenged in a criminal case, we determine whether, after review of the evidence, viewed in the light most favorable to the prosecution, a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Dunn*, 304 Kan. 773, 821, 375 P.3d 332 (2016). In reviewing the sufficiency of the evidence, we do not reweigh evidence, make credibility determinations, or resolve conflicting evidence. 304 Kan. at 822. A conviction can be based on circumstantial evidence and inferences derived from the evidence, so long as the inferences are reasonable. *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014).

The question of where an offense occurred is a question of fact to be decided by the jury. See *State v. McElroy*, 281 Kan. 256, 264, 130 P.3d 100 (2006), *overruled on other grounds by Dunn*, 304 Kan. 773. To prove venue, the State is not required to employ a "specific question and answer that the offense occurred in that particular county." *State v. Griffin*, 210 Kan. 729, 731, 504 P.2d 150 (1972). Instead, the State may establish venue by other competent evidence showing where the offense was committed. 210 Kan. at 731. In other words, the State may prove venue through circumstantial evidence. See *State v. Lieurance*, 14 Kan. App. 2d 87, Syl. ¶ 4, 782 P. 2d 1246 (1989).

Here, one of the investigating officers, Officer James Nellis, testified at trial as follows:

"Q: And you're an officer with the Riley County Police Department?

4

"A: Yes.

"Q: Did you respond to 2215 College Avenue, Manhattan, *Riley County*, Kansas at about 4:12 on Saturday 26 to the call of a possible aggravated assault?

"A: Yes." (Emphasis added.)

Moreover, multiple witnesses testified that the crime occurred at a specific apartment complex in Manhattan, Kansas. In addition, Ahmed testified that, after Fuchs pointed a gun at him, he met the investigation officers outside near his apartment. Thus, we conclude that there was sufficient evidence, when viewed in the light most favorable to the State, upon which a reasonable juror could have found that the crimes committed by Fuchs occurred in Riley County, Kansas.

*Jury Nullification*

Fuchs also contends that the jury instructions negated the jury's right of nullification. Specifically, Fuchs takes issue with Instruction 4, which is modeled after PIK Crim. 4th 51.010. This instruction stated, "If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find the defendant guilty." (Emphasis added.) Fuchs also takes issue with a statement made by the district court prior to trial, instructing the jury that it "must" apply the law to reach a verdict. Because Fuchs did not object to the instruction, we review this issue under a clearly erroneous standard. K.S.A. 2015 Supp. 22-3414(3); *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013).

When determining whether an instruction is clearly erroneous, this court engages in a two-step analysis. First, the court considers whether any error occurred, which requires employing an unlimited review of the entire record to determine whether the instruction was legally and factually appropriate. Second, if the court finds error, it must

5

assess whether it is firmly convinced that the jury would have reached a different verdict without the error. *State v. Clay*, 300 Kan. 401, 408, 329 P.3d 484 (2014). The party claiming that an instruction was clearly erroneous has the burden to establish the degree of prejudice necessary for reversal. *State v. Williams*, 295 Kan. 506, Syl. ¶ 5, 286 P.3d 195 (2012).

This court has previously rejected Fuchs' argument regarding jury nullification. See *State v. White*, 53 Kan. App. 2d 44, 53-54, 384 P.3d 13 (2016); *State v. Allen*, 52 Kan. App. 2d 729, 733-36, 372 P.3d 432 (2016); see also *State v. Jones*, No. 111,386, 2015 WL 4716235, at *5-6 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1080 (2016). Similar to this case, it was argued in those cases that the word *should* compelled the jury to convict the defendant. However, we have consistently found that the instruction at issue here "'does not upset the balance between encouraging jury nullification and forbidding it. . . . [U]nlike the words must, shall, and will, the word should does not express a mandatory, unyielding duty or obligation; instead, it merely denotes the proper course of action and encourages following the advised path.' *Hastings*, 2016 WL 852857, at *4." *Allen*, 52 Kan. App. 2d at 735. Accordingly, we conclude that PIK Crim. 4th 51.010 is legally accurate and does not direct the jury to a verdict in favor of the State.

*Criminal History*

Finally, Fuchs contends that the district court erred in calculating his criminal history score. Specifically, he argues that the use of his criminal history to calculate his guidelines sentence was unconstitutional since the State did not prove his past convictions, in this case, to a jury. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). However, the Kansas Supreme Court expressly rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We find no indication that our Supreme Court is departing from its ruling in *Ivory*. See *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013); *State v. McCaslin*, 291 Kan. 697, 731-32, 245 P.3d 1030 (2011), *overruled on other grounds by State v. Astorga*, 299 Kan. 395, 329 P.3d 1046 (2014). Thus, we conclude the district court did not err in using Fuchs' criminal history to calculate his sentence.

Affirmed.