565 P.2d 1274

STATE of Arizona, Appellee,

v.

Jose Jesus CEJA, Appellant.

No. 3102–2.

Supreme Court of Arizona,
En Banc.

May 16, 1977.
Rehearing Denied June 21, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Grove M. Callison, Asst. Attys. Gen., Phoenix, for appellee.

Brice E. Buehler, Phoenix, for appellant.

HAYS, Justice.

On June 30, 1974 Randy Leon and his wife Linda were found dead from gunshot wounds in their home in Phoenix, Arizona. Eleven days later Jose Jesus Ceja was charged with two counts of murder in the first degree. After trial, he was convicted by a jury of both homicides. Following an aggravation and mitigation hearing, he was sentenced to death. An automatic appeal was filed pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 31.2(b). On February 11, 1976, the Arizona Supreme Court reversed and remanded for a new trial. *State v. Ceja*, 113 Ariz. 39, 546 P.2d 6 (1976). The second trial of Ceja was commenced May 12, 1976. The jury returned a verdict of guilty on both counts. An aggravation and mitigation hearing was thereafter held. The transcript of the aggravation and mitigation hearing following the first trial was submitted to the judge and no new evidence was presented. On June 25, 1976 the court sentenced the appellant, Ceja, to death pursuant to A.R.S. § 13–454. We have jurisdiction of this appeal pursuant to Ariz.Const. art 2, § 24 and art. 6, § 5; A.R.S. §§ 12–120.21, 13–1711 and 17 A.R.S. Rules of Criminal Procedure, rule 31.2(b).

On appeal three issues are raised, each of which deals solely with the imposition of the punishment of death.

The appellant first contends that the Arizona death penalty statute, A.R.S. § 13–454, does not provide adequate guidance to the trial judge in imposing the death penalty. We have heretofore addressed this specific issue in *State v. Richmond*, 114 Ariz. 186, 560 P.2d 41 (1976), and in *State v. Jordan*, 114 Ariz. 452, 561 P.2d 1224 (1976), and have found it to be without merit. We are not now inclined to deviate from our reasoning and conclusions in those decisions.

It is appellant's second contention that the trial court erred in finding that the appellant was not under unusual and substantial duress at the time of the commission of these crimes. A.R.S. § 13–454(F)(2). He claims that at the time of the murders he was experiencing marital problems and had an unpromising employment future and that these factors should have been considered by the court below. He further argues that the recent miscarriage of his five-month pregnant wife should have been taken into account by the judge in setting sentence.

■ The burden of establishing the existence of any mitigating circumstance is on the defendant. A.R.S. § 13–454(B); *State v. Knapp*, 114 Ariz. 53, 562 P.2d 704 (filed March 9, 1977); *State v. Richmond, supra.* From a review of the transcripts of both the trial and the aggravation and mitigation hearing, it is clear that the appellant has failed to sustain this burden. The only evidence presented by the appellant at the hearing consisted of testimony of numerous friends and relatives to the effect that the appellant was never prone to violent behavior and testimony of the appellant himself denying complicity in the murders. There is nothing in the record to indicate that the appellant was at the time of the murders experiencing either marital or employment difficulties. The appellant's wife did testify that she had lost their baby in March of 1973 at five months of pregnancy. However, there was nothing presented to demonstrate, and neither was it even argued, that the appellant was affected by this event on the day of the murders or that this unfortunate occurrence was, in any way, connected with Ceja's conduct in murdering the Leons. The fact that the appellant may have been depressed or even traumatized by his wife's miscarriage in March does not, in itself, lead to the conclusion that he was under unusual or substantial duress three months later on the day when the Leons were murdered. We think it clear and so hold that the trial court correctly found that the appellant was not under duress at the time of the murders.

■ Finally, the appellant claims that the Arizona death penalty statute is constitutionally infirm because it is the judge and not a jury of peers who imposes the ultimate sentence of death. We addressed and disposed of this precise argument in both *State v. Jordan, supra* and *State v. Richmond, supra,* relying on the United States Supreme Court's opinion in *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). The analysis and holdings in those decisions are dispositive of the appellant's contentions here.

■ The appellant has not brought to our attention any deficiencies in the conduct of the trial itself. We have nevertheless made an independent review of the record of the proceedings below and we are satisfied that the appellant was accorded a fair trial.

■ Due to the gravity of the penalty involved, it is the duty of this reviewing court to make an independent examination of the record to determine whether the death penalty was properly imposed. *State v. Richmond, supra.* In discharging this function we are required, among other things, to ascertain whether the evidence supports the sentencing court's finding of the existence of the statutory aggravating circumstances and the absence of statutory mitigating circumstances. *State v. Richmond, supra.* The trial court, following the aggravation and mitigation hearing, found the existence of two aggravating circumstances: 1) that, in the commission of the offense against Linda Leon, the defendant knowingly created a grave risk of death to another person, Randy Leon, A.R.S. § 13–454(E)(3); and 2) that the crime was committed in an especially heinous, cruel or depraved manner, A.R.S. § 13–454(E)(6). The court further found that none of the statutory mitigating circumstances were present.

In order to effectively evaluate the propriety of the trial court's imposition of the death penalty, a review of the circumstances surrounding the deaths of the Leons is here appropriate. The facts, as viewed in the light most favorable to upholding the

verdict and as related at trial by, for the most part, Officer Ysasi, to whom the appellant confessed having committed the murders are as follows.

The appellant, being cognizant of the fact that Randy Leon dealt in fairly large quantities of marijuana, went to the decedent's house with the intent of "ripping off" Randy. To effectuate his scheme, the appellant took with him a large suitcase and was armed with a R.G. 14 six-shot .22 caliber revolver. When the appellant arrived, Linda was home alone. She resisted him in his attempt to take the marijuana and he shot her twice while in the living room. He then dragged her into the bedroom and shot her again several times, emptying his gun to "finish her off." The evidence showed that Linda was shot twice in the chest, four times in front of her ear in the temple area, and a seventh shot grazed her back, not entering the body. This seventh wound was apparently inflicted later. In any event, either while the appellant was shooting Linda in the bedroom or soon thereafter—the time sequence is unclear—Randy drove up to the house. Because the appellant's gun was empty, the appellant went to a drawer where Randy kept his gun, an H and R, nine-shot .22 caliber revolver, and loaded it. When Randy came in, the appellant ordered him at gunpoint to get into the bedroom. Randy was then shot. His body was found lying in the hall leading to the bedroom. The medical examiner testified that he had been shot twice from the front and twice in the back. Numerous abrasions also were found around his face which, it was determined, were caused by kicks by the appellant subsequent to the shooting.

At the aggravation and mitigation hearing the prosecution offered no additional testimony to establish the aggravating circumstances but instead chose to submit the matter to the judge, relying on the testimony and evidence presented at trial. The defense presented, as mentioned earlier, a number of witnesses, most of whom testified as to the appellant's lack of violent tendencies.

■ After a careful review of the record, we hold that there was insufficient evidence to support the sentencing court's determination that the appellant knowingly created a grave risk of death to Randy Leon in the commission of the offense against Linda Leon. While the evidence and testimony is indeterminate and, thus, we cannot know for certain where Randy was while the appellant was shooting Linda, the evidence does seem to indicate that Randy did not drive up to the house until the appellant had dragged Linda into the bedroom and shot her again. At the least, it appears that Randy was still outside or in another room while the shooting was going on in the bedroom. Whichever version is correct, there was no evidence presented which tended to demonstrate that the appellant, in killing Linda, created a grave risk of death to Randy. Absent supportive evidence, we must hold that the court's finding of the existence of that aggravating circumstance was error.

■ The second aggravating circumstance found to exist was that the crimes were committed in an "especially heinous, cruel or depraved manner." We recently considered the meaning of these terms at some length in State v. Knapp, supra:

"The words 'heinous, cruel or depraved' have meanings that are clear to a person of average intelligence and understanding. Webster's Third New International Dictionary defines them as follows:

"heinous: hatefully or shockingly evil: grossly bad.

"cruel: disposed to inflict pain esp. in a wanton, insensate or vindictive manner: sadistic.

"depraved: marked by debasement, corruption, perversion or deterioration.

. . . . .

What our legislature intended to include as an aggravating circumstance was a killing wherein additional circumstances of the nature enumerated above set the crime apart from the usual or the norm. [cite omitted]." 114 Ariz. at 543, 562 P.2d at 716.

In *State v. Blazak*, 114 Ariz. 186, 560 P.2d 54 (1977), the sentencing judge found that the crime had been committed in an especially cruel or depraved manner. The appellant there had entered a bar and demanded money from the bartender. When the bartender refused to comply, Blazak shot him four times. He then shot two more individuals, patrons of the bar, killing one. On appeal, we upheld the lower court's finding that this particular aggravating circumstance was present. Significant in our decision was the fact that the defendant's conduct went far beyond that which was necessary to effectuate his criminal scheme. He entered the bar with the intention of robbing it. When the bartender refused to cooperate, Blazak shot him. However, he did not stop there but rather continued shooting, wounding two bar patrons, one of them mortally. As characterized in *Knapp*: "Blazak coldly murdered two persons for absolutely no reason; the murder of the bar patron, a totally innocent bystander, *was particularly unnecessary and conscienceless*" (emphasis added). 114 Ariz. at ——, 562 P.2d at 716. In short, it was this additional violence, over and above that which was necessary to carry out the defendant's criminal intent, that in effect distinguishes the murders there from "the usual or the norm" of first degree murders. *State v. Knapp, supra.*

That particular "additional" element we also find to be present here. The appellant, in attempting to "rip-off" the Leons, initially shot Linda twice in the chest. At that point, however, he dragged her into another room and shot her four more times in the head, for no apparent reason. Then later, after Randy had been shot and had fallen to the floor, the appellant shot him in the back and kicked him in the face repeatedly, again for no apparent reason. We think that defendant's conduct in continuing his barrage of violence, inflicting wounds and abusing his victims, beyond the point necessary to fulfill his plan to steal, beyond even the point necessary to kill, is such an additional circumstance of a cruel and depraved nature so as to set it apart from the "usual or the norm."

In accordance with the foregoing, we hold that the trial court did not err in finding that the murders of Randy and Linda Leon were committed in an especially cruel, heinous and depraved manner.

Based upon our independent review of the record and upon our holding herein that the sentencing court acted correctly in finding that the appellant was not under duress on the day of the murders, we are satisfied that no mitigating circumstances were established. One aggravating circumstance was established. Under these circumstances, the imposition of the death penalty was not only proper, but required. A.R.S. § 13–454(D); *State v. Blazak, supra.*

Judgments of conviction and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.