603 P.2d 937

**The STATE of Arizona, Appellee,**

v.

**Richard Martinez FLORES, aka Yaqui, Appellant.**

**No. 2 CA–CR 1751.**

Court of Appeals of Arizona, Division 2.

Nov. 16, 1979.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

William L. Scholl, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty by a jury of four counts of unlawful sale of narcotic drugs and one count of unlawful offer to sell narcotic drugs with two prior convictions. He was sentenced on each count to not less than 15 nor more than 16 years commitment to the Department of Corrections, the sentences to run concurrently.

The sole question presented on appeal is whether the trial court erred in allowing testimony from a narcotics agent that he arrived at appellant's home because a police informant had been giving him heroin which the informant had obtained from appellant at his home. The transcript shows the following:

"BY MR. ROSS:

Q. Did you—and was Mr. Flores there at this time?

A. Yes, he was.

Q. And did you have a conversation with him?

A. Yes, I did.

Q. What was this conversation? How did it go?

A. He asked me, uh, how do ya know where I live anyway. And I stated to him that I had been buying heroin, uh, indirectly, from him, through Anna Aros, who I had been buying heroin from.

MR. GRILLS: Objection, hearsay, Your Honor.

THE COURT: Overruled.

You may continue with your answer if there was more to be added.

A. And I just stated to him that he knew her and I knew her, that's how I knew where he lived.

BY MR. ROSS:

Q. And did he seem satisfied with that response?

A. Yes, he did."

Appellant claims the testimony by the narcotics agent was hearsay and should not have been allowed in evidence. 17A, A.R.S., Rules of Evidence, Rule 801(c), defines hearsay as a statement other than one made by the declarant while testifying at the trial or hearing, which is offered in evidence to prove the truth of the matter asserted. Rule 802 makes hearsay inadmissible except as provided by applicable constitutional provisions, statutes or rules. Even if we construe the testimony as a statement, that is that the informant impliedly told the narcotics agent that she had gotten the heroin from appellant at his home, it was not hearsay. It was not offered to prove the truth of the matter asserted. Rather, it was admissible to show the reason for the officer's presence at appellant's residence. *State v. Crowley*, 220 Kan. 532, 552 P.2d 971 (1976). In addition,

it was admissible to prove that the conversation between appellant and the narcotics officer occurred. See *State v. Ceja*, 113 Ariz. 39, 546 P.2d 6 (1976), appeal after remand, 115 Ariz. 413, 565 P.2d 1274 (1977), cert. den. 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). No objection was made on any ground other than hearsay. Our Supreme Court in *State v. Brierly*, 109 Ariz. 310, 509 P.2d 203 (1973), stated:

> "As we said in *State v. Evans*, 88 Ariz. 364, 356 P.2d 1106 (1960): 'An objection to the admission of evidence must state the reason and if it is not objectionable on the ground stated, it is not error for the court to admit it, even though there might be some other proper reason for its rejection not raised by the objection as made.' 88 Ariz. at 373, 356 P.2d at 1111. Brierly's failure to raise this specific ob-

jection constituted a waiver of the objection." 109 Ariz. at 322, 509 P.2d at 215.

■ Review of the entire record reveals no fundamental error. The judgment of guilt is affirmed and the sentences are modified to show an order of imprisonment rather than commitment to the Department of Corrections.

Affirmed as modified.

RICHMOND, C. J., and HOWARD, J., concur.