HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.

675 P.2d 710
**STATE of Arizona, Appellee,**

v.

**Robert Wayne VICKERS, Appellant.**

**No. 5698.**

Supreme Court of Arizona,
In Banc.

Dec. 9, 1983.

Reconsideration Denied Jan. 17, 1984.

As Amended Jan. 26, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Michael J. Brune, Florence, for appellant.

PER CURIAM.

Defendant, Robert Wayne Vickers, was convicted and adjudged guilty of one count of first-degree murder, A.R.S. § 13–1105(A), and one count of arson of an occupied structure, A.R.S. § 13–1704. He was sentenced to death, A.R.S. § 13–703, for the murder conviction and to twenty-one years for the arson conviction, to run consecutively with any other sentences he was

presently serving. He appeals. We have jurisdiction pursuant to A.R.S. § 13–4031.

Although the defendant raises some ten issues on appeal, we need consider only one and that is whether an incorrect arson instruction, upon which a felony-murder instruction was predicated, mandates reversal of both the arson and the first degree murder conviction.

The facts are not in dispute. The victim, William "Buster" Holsinger, and the defendant were living in a "pod" of four cells and a day room with two other inmates at the Arizona State Prison. On March 4, 1982 the defendant was assigned to be "porter" for the pod. His cell was opened so that he could do chores and shower, if he wished.

Sometime earlier, the victim had made an insulting remark about the defendant's niece after seeing a picture of her. While out of his cell, the defendant threw an ice cream container of Vitalis, a flammable hair tonic, on the victim and then lit some toilet paper (previously soaked in Vitalis) and threw it into the victim's cell. The victim burned to death, and two other inmates in the pod were injured. The fire in his cell caused extensive damage.

The defendant made several incriminating statements to the guards, telling them he'd "burned Buster" and, when asked if Buster was dead, defendant replied "He ought to be, he's on fire." Defendant also wrote an incriminating letter to the medical examiner involved in the autopsy.

Prior to trial, defendant discharged his court appointed counsel and represented himself. He presented no defense, made obscene comments during the trial, and gave a prejudicial and obscene closing argument to the jury. He was quickly found guilty, and now appeals.

 The trial court instructed the jury that:

> The crime of arson of an occupied structure requires proof of the following two things:
> 1. The defendant knowingly caused a fire; and
> 2. The fire damaged an occupied structure.

The instruction was appropriate under our prior arson statute, which did not require a specific intent to damage the building, *State v. Scott*, 118 Ariz. 383, 385, 576 P.2d 1383, 1385 (1978), but was inappropriate for the arson statute in effect at the time the crime was committed, which read:

> § 13–1704. Arson of an occupied structure; classification
>
> A. A person commits arson of an occupied structure by intentionally and unlawfully damaging an occupied structure by knowingly causing a fire or explosion.

A.R.S. § 13–1704. This statute requires a specific intent to damage the structure. The instruction given allowed the jury to find the defendant guilty of arson without finding the requisite intent to damage the structure. The arson conviction therefore must be reversed.

Reversing the arson conviction raises a problem as to the murder conviction itself. The judge instructed the jury on intentional murder and felony-murder based upon the arson charge. There was, however, only one form of guilty verdict and that was for first-degree murder.

In a case where the jury was instructed, as here, that it could find the defendant guilty of first-degree murder if it determined that the murder was either premeditated or a felony-murder and in which the jury was given only one form of guilty verdict, that is, guilty of first degree murder, we held:

> In Arizona, first degree murder is only one crime regardless whether it occurs as a premeditated murder or a felony murder. Although a defendant is entitled to a unanimous jury verdict on whether the criminal act charged has been committed, the defendant is not entitled to a unanimous verdict on the precise manner in which the act was committed.

*State v. Encinas*, 132 Ariz. 493, 496, 647 P.2d 624, 627 (1982). (citations omitted)

As a result of the United States Supreme Court case of *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), this statement of the law causes some problems when the death sentence is imposed. As a result we have stated:

> In order to comply with *Enmund*, therefore, we believe that *in future cases* where the jury might have found the defendant guilty of first degree murder based on a felony-murder theory, the trial judge must determine beyond a reasonable doubt prior to imposing a sentence of death that the defendant killed, attempted to kill or intended to kill. This determination, of course, must be in addition to those procedures specified in A.R.S. § 13–703.

*State v. McDaniel*, 136 Ariz. 188, 199, 665 P.2d 70, 81 (1983). (emphasis added)

■ In the instant case, had there been a valid felony conviction, the trial court would have been required, in order to comply with *Enmund*, supra, to make a separate finding that there was intent to kill before the death sentence could be imposed. The first degree murder conviction, however, would stand. This case may be distinguished from *McDaniel*, supra, and *Encinas*, supra, in that in both of those cases there was a valid felony which supported the felony-murder conviction. In the instant case there is no such basis, since the felony (arson) has been set aside. Since the underpinnings of the felony-murder have been removed by setting aside the arson conviction, the murder conviction will also have to be set aside and the matter remanded for a new trial.

In remanding the matter for new trial, we note that the trial judge had also presided over the defendant's trial for a previous murder at which time the judge had sentenced the defendant to death. *State v. Vickers*, 129 Ariz. 506, 633 P.2d 315 (1981). Admittedly, the defendant made no motion for a peremptory change of judge prior to trial pursuant to Rule 10.2, Arizona Rules of Criminal Procedure, 17 A.R.S. Neither did he make a request for change of judge for cause pursuant to Rule 10.1 of the Arizona Rules of Criminal Procedure, 17 A.R.S.

■ We have held that even though the judge had prior knowledge of defendant's past bad acts, he need not disqualify himself, so long as the facts are those which would ordinarily be found in a presentence report and the defendant knew the factual basis upon which the judge imposed the sentence. *State v. Munoz*, 110 Ariz. 419, 421, 520 P.2d 291, 293 (1974). In a death penalty case, however, which is treated differently from non-death penalty cases, *see Zant v. Stephens*, — U.S. —, —, 103 S.Ct. 2733, 2747, 77 L.Ed.2d 235, 255 (1983); *State v. Ceja*, 115 Ariz. 413, 415, 565 P.2d 1274, 1276 (1977), cert. denied 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977); *State v. Richmond*, 114 Ariz. 186, 196, 560 P.2d 41, 51 (1976), cert. denied 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977), we believe that there is an appearance of impropriety when a judge who has sentenced the defendant to death in a prior case, also tries the same defendant for another potential death penalty offense. The judge should have recused himself from trying this defendant for the second murder.

The arson conviction is reversed and may not be retried. The murder conviction is set aside and remanded for new trial before another judge within 90 days of the issuance of the mandate herein.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.