737 P.2d 407

**The STATE of Arizona, Appellee,**

v.

**Carlos RAMIREZ ENRIQUEZ, Appellant.**

**No. 2 CA–CR 4673.**

Court of Appeals of Arizona, Division 2, Department B.

April 23, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Janet Keating, Phoenix, for appellee.

Cole & O'Neil by Thomas M. Larson, Casa Grande, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

Defendant was convicted of the sale on October 30 and 31, 1984, of small quantities of marijuana to an undercover police officer posing as a high school student. The officer and a real high school student testified to the sales. The defendant and his female companion denied that any such sales occurred. In order to bolster its case, the prosecution introduced, over objection, the evidence described in the remainder of this opinion. We find the admission of such evidence erroneous and reverse.

■ First, the police officer's supervisor was asked why an undercover investigation was undertaken. He responded: "I received numerous comments from concerned citizens that they suspected drug activity in a residence in San Manuel." The context of the questioning made it clear that the residence referred to was the defendant's residence. Defense counsel's objection should have been sustained. The supervisor was testifying that a number of people had told him that defendant was a drug dealer. Not only is this inadmissible hearsay but it also is an attempt to prove defendant's character as a drug dealer from which the jury was invited to infer his guilt of the present charges. This use is plainly forbidden by Rule 404(a), Rules of Evidence, 17A A.R.S.

Second, over objection, witnesses were allowed to testify to other occasions on which defendant sold marijuana and evidence was received of the seizure of a small amount of marijuana from his home over a month after the date of the crimes charged in this case. All this evidence, of course, was the proof of other criminal episodes offered to prove guilt of the crimes charged. At trial the prosecutor argued that all this evidence "completed the story of the crime." But that phrase does not mean that the prosecution is entitled to complete the defendant's criminal history. In order to prove the crimes on October 30 and 31, 1984, it was hardly necessary to prove either events during the prior year or a seizure a month later.

■ The trial court apparently admitted this evidence under Rule 404(b) to prove a common scheme or plan. The jury was instructed:

"The Court has admitted into evidence other bad acts allegedly committed by the defendant. Such evidence was admitted for the sole purpose of attempting to establish the defendant's common scheme or plan. Such evidence is not to be considered as proof of the defendant's guilt as to the offenses charged in this case.

This evidence of alleged bad acts, if you believe that such bad acts were committed by the defendant, is admissible for the sole purpose of showing the defendant's alleged common scheme and plan. It was admitted for no other purpose."

With respect, we find this instruction incomprehensible. If the evidence doesn't tend to establish defendant's guilt, there is no reason to admit it. The question under Rule 404(b) is not whether evidence tends to establish guilt but how it tends to establish it. If it tends to show a disposition toward criminality from which guilt on this occasion is to be inferred, it is inadmissible. If it establishes guilt in some other way, it is admissible. The common plan or scheme exception does not permit proof that the

defendant is a long time drug dealer or burglar. Instead it permits proof of his commitment to a particular plan of which the charged crime is a part. It is a matter of the particularity of the plan and thus of the probative force of the connection between one crime and another. "The distinction is between proving a specific plan embracing the charged crime and proving a general commitment to criminality which might well have involved the charged crime." M. Udall & J. Livermore, Arizona Practice: Law of Evidence 184n (2d ed. 1982). See also 22 C. Wright & K. Graham, Federal Practice & Procedure § 5244 (1978).

 Finally, the supervisor was allowed to testify that in late November 1984 he observed the defendant's residence and saw several young people come to it and then leave within a few minutes and that in his expert experience this was consistent with "the usual procedures followed by someone who is ... regularly selling drugs." To the extent that this is an admissible opinion, it again violates Rule 404 because it attempts to prove guilt in late October from guilt in late November. We do not believe the opinion admissible, however. No expertise is needed to infer from the fact that a number of people went to a place and then immediately left that they went to pick something up. What that something is depends not upon expertise but upon evidence. The supervisor cannot be allowed to conclude from what he has otherwise learned about the defendant that the defendant is guilty. The observations were as consistent with selling baseball cards as with selling marijuana.

Reversed.

FERNANDEZ and LACAGNINA, JJ., concur.