863 P.2d 257

**STATE of Arizona, Appellee,**

v.

**Richard Joseph SIMMS, Appellant.**

**No. 1 CA–CR 91–1391.**

Court of Appeals of Arizona, Division 1, Department A.

April 8, 1993.

Review and Cross–Petition for Review Denied Dec. 15, 1993.[*]

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CONTRERAS, Judge.

Following a jury trial, defendant Richard Joseph Simms was convicted of three counts of sale of narcotic drugs, class 2 felonies. The trial court sentenced defendant to a fourteen-year term on each count and ordered that the terms be served concurrently. Defendant appeals from his convictions and sentences. He argues that the trial court abused its discretion in denying the motion for a mistrial that was made after an undercover police officer testified that he and his partner had initially contacted defendant because they had information that he was selling narcotics. We find no abuse of discretion and therefore affirm.

## FACTUAL AND PROCEDURAL HISTORY

Defendant was charged by indictment with three counts of sale of narcotic drugs. The charges arose from sales of cocaine that defendant allegedly made to a pair of undercover police officers on two separate occasions. At trial, Officers Dan Jackson and Clark Simmons identified defendant as the person who had sold them the drugs. They gave substantially similar accounts of the circumstances surrounding the sales.

The officers testified that on August 8, 1989, they went to defendant's apartment to see whether they could buy some drugs from him. Defendant told them that they would have to go to another location to get the drugs. He got into their car and gave them the address of another apartment complex. On the way, the officers told defendant that they each wanted to buy one sixteenth of an ounce of cocaine. Defendant told them that this would cost them $60 apiece. Because Simmons only had hundred dollar bills with him, Jackson gave defendant the entire $120. When they reached the apartment complex, defendant told the officers that they could not come with him. He entered the complex and returned a short while later with the cocaine.

The officers then took defendant back to his apartment. They paid him $10 and asked him if he would like to do more business with them. He said that he would, and he told them that he was planning to have someone "front" him drugs in the future so that he could sell them out of his apartment. He gave the officers his phone number and told them to call or come over anytime.

Officer Jackson subsequently called defendant on August 30, 1989. Defendant stated that he did not have any drugs at his apartment then, but that he knew where he could get some. The officers picked defendant up and told him that they each wanted another sixteenth of an ounce of cocaine. Defendant told them that the price was the same, and he directed them to the apartment complex where he had taken them on the previous occasion.

The officers each gave defendant $60. Defendant entered the complex and returned in a short time without any drugs. He explained that his supplier did not have any drugs. He then gave the officers the address of a housing project. When they arrived at the project, defendant got out of the car and returned in a short time with the cocaine.

The parties stipulated that laboratory analyses of the material that defendant had allegedly sold the officers on both occasions had identified usable amounts of cocaine. No other witnesses testified at trial. The jury found defendant guilty on all three counts of sale of narcotic drugs. Defendant admitted that he had two prior convictions. The trial court imposed sentences of fourteen years on each count and ordered that the sentences run concurrent-

ly. Defendant filed a timely notice of appeal.

## DISCUSSION

Prior to trial, defense counsel made a motion in limine to preclude the state from presenting testimony that an informant had introduced the undercover police officers to defendant. Counsel argued that the prejudicial effect of this information outweighed its probative value. The prosecutor responded that if the members of the jury were not told why the officers had approached defendant, they might conclude that the officers were randomly approaching innocent citizens in the hope of finding evidence of crime. The prosecutor avowed that the state would not present any evidence concerning the statements that the informant had made to the officers about defendant. Defense counsel responded that it was common knowledge that an informant was someone who introduced the police to people who were selling drugs. The trial judge questioned the relevancy of evidence that an informant had introduced the officers to defendant, and he granted the motion in limine.

While Officer Simmons was testifying at trial, the following exchange took place between Simmons and the prosecutor:

Q. [H]ow did you get involved with Richard Simms?

A. We had information that he was selling narcotics.

Defense counsel moved to strike the response and asked the trial judge to declare a mistrial. The judge sustained the objection and instructed the jury to disregard the response. He denied the motion for a mistrial. On appeal, defendant argues that the trial judge abused his discretion in denying the motion.

■ The decision to grant or deny a mistrial is within the trial court's sound discretion, and we will not disturb such a decision on appeal in the absence of an abuse of that discretion. *State v. Lopez,* 157 Ariz. 23, 754 P.2d 352 (App.1988). Defendant argues that the officer's statement was highly prejudicial hearsay. The state responds that the statement was not hearsay because it was not being offered to prove the truth of the matter asserted, i.e., that defendant was selling narcotics. It cites *State v. Flores,* 124 Ariz. 310, 603 P.2d 937 (App.1979), in support of its contention that the statement was offered and was admissible to complete the story of the crime by explaining why the officers had contacted defendant. We question the holding in *Flores* and believe that it is incorrect. We decline to follow it for the reasons set forth in the following discussion:

There can be a materiality problem with evidence of this sort. Imagine a complaint to the police department that defendant was presently robbing a store. Could the prosecutor get this in on the ground that it explained why police responded to the robbery scene? For that purpose, of course, it is not hearsay. Neither, however, is the reason why police responded ordinarily in issue in a criminal trial. The complaint, therefore, ought to be excluded on the ground that its non-hearsay use is immaterial and on the additional ground that there is a substantial risk that the complaint would be used by the trier for the truth of what it asserts. See *State v. Romanosky,* 162 Ariz. 217, 782 P.2d 693 (1989); *State v. Rivera,* 139 Ariz. 409, 414, 678 P.2d 1373, 1378 (1984) ("The statement in question is a simple assertion of appellant's conduct. It has no relevant use other than to prove the truth of the matter asserted and is therefore hearsay. Since it ... is not within any relevant non-hearsay rule, the court erred in admitting it."); *State v. Wilson,* 113 Ariz. 363, 555 P.2d 321 (1976); *State v. Ramirez Enriquez,* 153 Ariz. 431, 737 P.2d 407 (C.A.2, 1987) (why undercover investigation undertaken immaterial). But see *State v. Flores,* 124 Ariz. 310, 603 P.2d 937 (C.A.2, 1979).

Morris K. Udall et al., *Arizona Practice: Law of Evidence* § 122, at 241 n. 15 (3d ed. 1991).

■ In the present case, the reason that the undercover officers contacted defendant was not at issue. As we will later explain in greater detail, we conclude that

the introduction of Officer Simmons' statement did not necessitate a mistrial in this instance given the strength of the state's case against defendant. However, we strongly disapprove of the practice of introducing evidence of this type under the guise of completing the story of the crime.[1] We note for the benefit of the bench and the bar that the introduction of such evidence may constitute reversible error in cases in which the evidence against the defendant is not as strong as it was in this case.

In deciding whether to grant a motion for a mistrial based upon a witness's testimony, the trial court must consider two factors: 1) whether the testimony called to the jurors' attention matters that they would not be justified in considering in reaching their verdict and 2) the probability under the circumstances of the case that the testimony influenced the jurors. *State v. Bailey*, 160 Ariz. 277, 772 P.2d 1130 (1989). In the present case, the trial court correctly determined that Officer Simmons' statement was inadmissible and instructed the jurors to disregard it. We conclude that the trial court also correctly determined that it was unlikely that the statement influenced the jurors.

In reaching this conclusion, we again note that in the present case the evidence against defendant was very strong. Both officers identified defendant as the person who had sold them cocaine on the two occasions in question. Both officers gave substantially similar accounts of the events surrounding the sales. No other witnesses testified at trial. Under these circumstances, the statement that an informant had told the undercover police officers that defendant was selling narcotics probably had little, if any, effect on the jury's verdict. We therefore conclude that the trial court did not abuse its discretion in denying defendant's motion for a mistrial.

We have reviewed the record for fundamental error pursuant to A.R.S. section 13–

4035 (1989), and we have found none. Defendant's convictions and sentences are affirmed.

EHRLICH, P.J., and KLEINSCHMIDT, J., concur.

---

**1.** We further note that this appears to be a recurring practice, at least in the prosecution of cases involving the sale of illegal drugs. *See, e.g., State v. Soule*, 164 Ariz. 165, 167–68, 791 P.2d 1048, 1050–51 (App.1989), *cert. denied,* —— U.S. ——, 112 S.Ct. 888, 116 L.Ed.2d 791 (1992).

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.